### State of Vermont v. Alvin E. Shores

[465 A.2d 269]

No. 82-108

Present: Billings, C.J., Hill, Underwood and Peck, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed June 24, 1983

Motion for Reargument Denied August 5, 1983

*Raymond G. Bolton*, Bennington County State's Attorney, and *Ralph Sheppard*, Law Clerk (On the Brief), Bennington, and *John J. Easton, Jr.*, Attorney General, and *Elizabeth Grant Rome*, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Andrew B. Crane*, Defender General, and *William A. Nelson*, Appellate Defender, Montpelier, for Defendant-Appellant.

**Hill, J.** Defendant was convicted after trial by jury of attempted assault and robbery in violation of 13 V.S.A. § 608(b), and subsequently filed a timely notice of appeal. We reverse.

On July 22, 1981, at approximately 8:30 p.m., defendant entered the Chippenhook Store in East Arlington, Vermont, and approached the only clerk on duty. He showed her the butt of a handgun and ordered her to open the cash register drawer. Believing that the clerk may have sounded the alarm, defendant became quite nervous and fled the store without taking anything of value. The clerk immediately contacted the police. A short while later, the police apprehended defendant, placed

him under arrest, and then transported him to the Shaftsbury Police Barracks.

Upon his arrival at the barracks, defendant was read verbatim what was purported to be his *Miranda* rights, which were printed on a DUI processing form. Specifically, defendant was advised of the following rights:

— You may remain silent.

— Anything you say can be used against you in court.

— You may refuse to answer any questions asked of you at any time.

— If you cannot afford an attorney and want one, you can contact a Public Defender or one will be contacted for you before questioning.

After acknowledging his understanding of these rights, defendant asked to speak with an attorney. The police contacted a public defender, and defendant consulted with him on the phone for approximately seven minutes. Once the phone call was completed, an officer asked defendant if he was willing to make a statement. Despite the public defender's advice to remain silent, he replied that he was willing to talk with the police. Defendant then stated: "I don't know what made me go into the store. I didn't point the gun." Thereafter, he refused to say anything else.

On appeal, defendant briefs several exceptions, the first of which is whether the trial court erred when it refused to suppress his statement at the police station, since the arresting officer failed to fully advise him of his *Miranda* rights. More precisely, he insists that the warnings given were defective in that they failed to apprise him of his right to have counsel present during questioning. In view of *Miranda*'s holding that the issuance of warnings, either as set forth in that opinion or their fully effective equivalents, were absolute "prerequisites to the admissibility of any statement made by a defendant," *Miranda* v. *Arizona,* 384 U.S. 436, 471–72, 476 (1966), defendant claims that the trial court erred when it refused to suppress the statement. We agree.

In *Miranda* v. *Arizona, supra,* the United States Supreme Court outlined four specific "procedural safeguards"

which it deemed essential to protect an individual's Fifth Amendment privilege against self-incrimination:

> [W]hen an individual is taken into custody or otherwise deprived of his freedom by the authorities in any significant way . . . , [h]e must be warned prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, *that he has the right to the presence of an attorney,* and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires.

*Id.* at 478–79 (emphasis supplied) ; see also *Rhode Island* v. *Innis,* 446 U.S. 291, 297 (1980).

■ With regard to the presence of counsel provision, the *Miranda* Court believed that counsel's presence during questioning served to safeguard an individual from the compelling atmosphere of interrogation, while simultaneously ensuring the trustworthiness and accuracy of any statements given. *Miranda* v. *Arizona, supra,* 384 U.S. at 469–70. Thus, the Court specifically stated that "an individual held for interrogation must be clearly informed that he has the right to consult with a lawyer and to have the lawyer with him during interrogation . . . ." *Id.* at 471 ; see also *California* v. *Prysock,* 453 U.S. 355, 361 (1981) (upholding the validity of warnings essentially equivalent to those outlined in *Miranda,* but noting that *Prysock* was not the type of case where the defendant was not informed of his right to the presence of counsel during questioning).

■■ In the present case, the State does not dispute the fact that the defendant was never advised of his right to have counsel present during questioning. Instead, it contends that defendant knowingly, voluntarily, and intelligently waived his right to the presence of counsel. In order to establish such a waiver, the State must first prove that defendant was in fact specifically advised of said right. *Miranda* v. *Arizona, supra,* 384 U.S. at 470, 479. Simply put, he cannot be held to have waived a right that he was never told he had. Given the absence of any proof that defendant was ever advised of his right to have counsel present during questioning, the statement made at the police barracks should have been suppressed. *Id.* at 479 ;

*United States* v. *Stewart,* 576 F.2d 50, 54 (5th Cir. 1978) ; *Smith* v. *Rhay,* 419 F.2d 160, 163 (9th Cir. 1969).

■ In the alternative, the State contends that even if the statement should have been suppressed, its admission into evidence constituted harmless error. To establish harmless error, the State, as the beneficiary of the error, must establish beyond a reasonable doubt: (1) that there was overwhelming evidence to support the conviction; and (2) that the evidence in question did not in any way contribute to the conviction. *Chapman* v. *California,* 386 U.S. 18, 23 (1967) ; *Fahy* v. *Connecticut,* 375 U.S. 85, 86–87 (1963) ; *State* v. *Mosher,* 143 Vt. 197, 208, 465 A.2d 261, 267 (1983).

■ Our review of the record indicates that the issue of criminal intent was hotly disputed. Defendant introduced testimony that he had been drinking heavily and had taken some drugs prior to the attempted robbery. In addition, he testified that he had "blacked out" and had no memory of the events in question. In its closing argument, the State relied on this statement to contradict defendant's assertion of a loss of memory. In view of the record, we are not convinced beyond a reasonable doubt that the statement did not contribute to defendant's conviction. In light of our disposition of these issues, we need not address defendant's remaining exceptions.

*Reversed and remanded for a new trial.*