### State of Vermont v. Joan Dustin

[468 A.2d 927]

No. 82-002

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ

Opinion Filed October 19, 1983

*William E. Kraham,* Windham County Deputy State's Attorney, Brattleboro, for Plaintiff-Appellee.

*Andrew B. Crane,* Defender General, and *William B. Nelson,* Appellate Defender, Montpelier, for Defendant-Appellant.

Peck, J. Defendant appeals from a judgment of the District Court of Vermont, Unit No. 6, Windham Circuit, convicting her after jury trial of operating a motor vehicle while under the influence of intoxicating liquor. 23 V.S.A. § 1201(a)(2). On appeal defendant makes two claims of error: (1) that her rights as set forth in *Miranda* v. *Arizona,* 384 U.S. 436, 479 (1966), were violated because she was not apprised of her right to have counsel present during questioning, and (2) that defendant's statements made during interrogation after she had asserted her right to counsel were inadmissible. We agree with defendant's contentions, and reverse and remand for a new trial.

On April 14, 1981, at approximately 10:00 p.m., defendant was involved in a one-car accident in Whitingham, Vermont. Her husband, who was following her in another vehicle, witnessed the accident, took her to his parents' house and reported the incident to the police.

The investigating officer, without giving defendant any *Miranda* warnings, asked a series of questions to determine the cause of the accident. Although defendant wished to leave, the officer restrained her from leaving her in-laws' house. After about thirty minutes of questioning, the officer read her a list of rights purported to be *Miranda* warnings, and defendant indicated a desire to speak with an attorney. An attorney was contacted on her behalf, and defendant spoke with him for about five minutes. Thereafter, the officer again asked if she was willing to speak to him, and she did so. During this interrogation defendant admitted to having had one beer at lunch that day, and she made statements that might be viewed as incriminating.

The trial court suppressed any statements made by defendant prior to the time the warnings were read to her. However, it allowed the admission of the statements made after the warnings had been given. Defendant contends that these statements should also have been suppressed.

The warnings read to defendant were identical to those we recently held to be incomplete under *Miranda* in *State* v. *Shores*, 143 Vt. 224, 465 A.2d 269 (1983). The warnings read to defendant were:

— You may remain silent.
— Anything you say can be used against you in court.
— You may refuse to answer any questions asked of you at any time.
— If you cannot afford an attorney and want one, you can contact a Public Defender or one will be contacted for you before questioning.

These warnings do not provide the full protection required since they do not specifically advise a defendant of her right to have an attorney present during questioning. *Miranda* requires that proper warnings or their equivalent must be given in order to allow the admission of any statement taken during custodial interrogation. *State* v. *Shores, supra,* at 227, 465 A.2d at 271. Thus, the trial court erred when it allowed the admission of the statements made by defendant to the officer after the incomplete list of rights had been read to her.

The State concedes that the warnings read to defendant did not satisfy *Miranda,* but argues that the statements were properly admitted since defendant knowingly and voluntarily waived the right to the presence of an attorney during questioning. We rejected this argument in *State* v. *Shores, supra,* at 227, 465 A.2d at 271, and reject it again here. A defendant "cannot be held to have waived a right that [s]he was never told [s]he had," *id.,* and no evidence was presented that defendant was told of this right. Thus, she cannot be held to have waived it.

Finally, the State contends that admission of the statements made by defendant after consultation by phone with an attorney was harmless error. This is the so-called totality ar-

gument, which may be valid in a particular case, if the prosecution can demonstrate that the evidence, properly admitted in support of the conviction, was so overwhelming as to establish beyond a reasonable doubt that the evidence erroneously admitted did not contribute to the conviction. *Chapman* v. *California,* 386 U.S. 18, 23 (1967) ; *State* v. *Shores, supra,* at 228, 465 A.2d at 271.

We are unable to reach such a conclusion here. The issue, whether defendant's behavior was the result of intoxication or of injuries and emotional upset resulting from the accident, was in dispute. We are not satisfied beyond a reasonable doubt that the admission of the challenged statements did not affect her defense adversely and thus contribute to her conviction; the jury could have found them consistent with either position. Nor can we conclude that the evidence supporting the conviction was so completely overwhelming as to render the error harmless.

*Reversed and remanded for a new trial.*